UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>    *Plaintiff*,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A HERETO,<br><br>    *Defendant*. | Case No.: 25-cv-00273<br><br>Hon. Judge Thomas M. Durkin<br><br>Magistrate Judge Young B. Kim |

## UNOPPOSED MOTION OF DEFENDANTS shenzhenshibeidaruidianzishangwuyouxiangongsi AND Qujior FOR EXTENSION OF TIME TO ANSWER

NOW COMES Defendants shenzhenshibeidaruidianzishangwuyouxiangongsi and Qujior ("Defendants"), through their undersigned counsel, and respectfully request this Court extend the time to file a response to the Complaint. In support, Defendants state follow:

1. Plaintiff filed its Complaint on January 9, 2025. [Dkt. 1]

2. Defendants were ostensibly served with process on Febuary 26, 2025. [Dkt.22]

3. Defendants have retained counsel and is engaged with Plaintiff in settlement discussions, including the exchange of offers. As the parties continue to explore settlement, Defendants require a short additional time to respond to the Complaint. Defendants submit that an extension will not materially prejudice Plaintiff and will help avoid unnecessary substantive motion practice.

1

4. The Defendants need additional time to try and reach a final agreement, or if not,

5. This Court may, for good cause, extend the time by which defendants' response is due after the time has expired if the defendants failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "Under Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), citing, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); See, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), citing, C.K.S. Eng'rs, Inc. v. White Case: 1:23-cv-04608 Document #: 55 Filed: 10/25/23 Page 1 of 2 Page ID #:2731 Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); See also, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) (granting defendant's motion for an extension arguing that "judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

6. Defendants respectfully move this Court to extend the date from the date of this filing, if ultimately necessary, to March 31, 2025.

7. This motion has been filed in good faith and is not interposed for purposes of delay.

8. This is the first motion for an extension filed by Defendants in this case.

9. Plaintiff has indicated that it does not oppose Defendants' requested extension.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests this Honorable Court enter an Order:

**a)** Extending the date on which Defendants' response to Plaintiff's Complaint is due to March 31, 2025.

Dated: March 3, 2025                              Respectfully submitted,

*/s/   Sydney Ni Xue*
Sydney Ni Xue, Esq.
Kemet Law Group
1825 NW Corporate Blvd., Suite 110
Boca Raton, FL 33431
Tel.: (561) 870-0605
Email: nixuesydney@gmail.com,
         ni@kemetlawgroup.com

*Attorney for Defendants*

3

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Motion was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on March 3, 2025.

*/s/ Sydney Ni Xue*