UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Milwaukee Electric Tool Corporation, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:25-cv-00273 |
| v. ) | |
| ) | Hon. Judge Thomas M. Durkin |
| The Individuals, Corporations, Limited ) | |
| Liability Companies, Partnerships and ) | Mag. Judge Young B. Kim |
| Unincorporated Associations Identified ) | |
| in Schedule A Hereto, ) | |
| Defendants. ) | |

**Unopposed Motion for Extension of Time**

**NOW COME** certain defendants[1] ("Defendants"), by and through their undersigned counsel, and hereby request an extension of time to respond to the Complaint, stating as follows:

1. Defendants were ostensibly served with process on February 5, 2025. [Dkt. 22].

2. Defendants have recently engaged undersigned counsel and are substantively engaged in settlement discussions with Plaintiff, including the exchange of evidence and offers. Defendants require a short additional time to explore settlement, or respond to the Complaint if ultimately necessary. Defendants submit that a short extension will not materially prejudice Plaintiff as a relatively short time has passed since the original response deadline, other defendants who have not appeared may be separately defaulted, and a short extension may help avoid unnecessary substantive motion practice.

3. This Court may, for good cause, extend the time by which a defendant's responses are due after the time has expired if a defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of

---

[1] Breamblue N, Byc warehouse, CdbestBm, FLAG Hooker

Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect. *See*, White v. Marshall, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *See also*, Kane v. Fin. of Am. Reverse, LLC, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension to file document sixteen days late where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

4. Defendants respectfully request this Court extend the date on which Defendants are to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to March 26, 2025.

5. This motion has been filed in good faith and is not interposed for purposes of delay.

6. This is the first motion for an extension of time filed by Defendants in this case.

7. Plaintiff has expressed that it does not oppose the proposed extension.

**WHEREFORE**, Defendants pray that the Court will enter an order:

a) extending the time for Defendants to respond to Plaintiff's Complaint, if ultimately necessary, until March 26, 2025.

Dated this March 5, 2025

Respectfully Submitted,

/s/ Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants*